(No. 75-CV-435—▮▮▮▮▮▮

In Re Application of Stella Wallas.

*Opinion filed March 7, 1977.*

Kenneth Good, Attorney for Claimant.

William J. Scott, Attorney General of Illinois; James Stola, Assistant Attorney General.

PER CURIAM.

This claim arises out of a criminal offense that occurred on December 24, 1974, at approximately 1:05 a.m. on a CTA bus near 1459 North Kedzie, Chicago, Illinois. The victim, Stella Wallas, age 65, of 4658 Milwaukee, Chicago, Illinois, seeks compensation pursuant to the provisions of the "Crime Victims Compensation Act," Ill.Rev.Stat., 1973, Ch. 70, Sec. 71, et seq. (hereinafter referred to as the "Act").

This cause is before the Court following a hearing held before the Honorable J. Barry Fisher, a Commissioner of this Court, on September 8, 1976, following Claimant's objection to the opinion heretofore filed in this cause on March 29, 1976.

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court, the report of the Attorney General of the State of Illinois, and the record of the hearing of September 8, 1976. Based upon these documents and evidence, the Court finds:

1. That the Claimant was riding northbound on Kedzie Avenue in Chicago on CTA bus No. 1284, at approximately 1:05 a.m. on December 24, 1974. An unknown man boarded the bus near 1459 N. Kedzie Avenue. The man robbed the Claimant at gunpoint and then fled. The Claimant alleges that the assailant gave her the flu and that she had 15 teeth extracted six months after the robbery as a result of nervousness from the robbery. The Claimant also lost her purse and its contents to the robber.

2. That the police were notified immediately after the robbery and the Claimant cooperated fully with their investigation.

3. That the Claimant's alleged physical injuries of contracting influenza from the assailant and extraction of teeth six months after the crime because of nervousness are remote and speculative. Therefore, no compensation can be awarded for the losses under the Act.

4. That loss of personal effects is not compensable under the Act and therefore no compensation can be awarded for the Claimant's loss of her purse and its contents.

5. That the Claimant has no loss which is compensable under the Act.

It Is Hereby Ordered that no award be made to the Claimant because she has suffered no loss which is compensable under the Crime Victims Compensation Act.